IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00822-BNB

NORVELL WEBSTER CRUMP,

Plaintiff,

v.

R. WILEY, Warden,
HARLEY LAPPINS, Director,
U.S. ATTORNEY GENERAL,
UNITED STATES OF AMERICA,
AGENCIES OF BUREAU OF PRISON(S),
(BOP) ADMINISTRATIONS, and
BLAKE R. DAVIS, Warden,

Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 19 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Norvell Webster Crump, is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at ADX Florence. Pursuant to the Court's Order to Cure Deficiencies entered on April 12, 2010, Mr. Crump filed his claims on a Court-approved form used in filing prisoner complaints. Mr. Crump, however, does not indicate on the form the jurisdiction for asserting his claims. To the extent that the Court is able to determine what Mr. Crump is asserting, as stated below, he is challenging the conditions of his confinement. Jurisdiction is proper under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

The Court must construe the Complaint liberally because Mr. Crump is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Crump will be ordered to file an Amended Complaint.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the Mr. Crump is entitled to relief. See ***Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. See ***TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct . . . ." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Crump's allegations for the most part are unintelligible. Although Mr. Crump raises three claims, the only claim that is understandable is Claim Two, in which he

asserts his Fourth Amendment rights were violated when the BOP medical staff subjected him to a non-consensual tuberculosis test. Mr. Crump, therefore, will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The Complaint suffers from other deficiencies. Mr. Crump may not sue the Federal Bureau of Prisons or the United States in a *Bivens* action. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005). Mr. Crump also must name specific defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate how each named defendant personally participated in the asserted claims in the text of the Complaint. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

To establish personal participation, Mr. Crump must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Crump further is instructed that to state a claim in federal court his Amended "[C]omplaint must explain what each defendant did to him [ ]; when the defendant did

it; how the defendant's action harmed him [ ]; and, what specific legal right [he] believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center***, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Crump file an Amended Complaint that complies with the particulars of this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Crump, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that if Mr. Crump fails to comply with this Order within the time allowed the Complaint and the action will be dismissed without further notice

DATED May 19, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00822-BNB

Norvell Webster Crump
Reg No. 03908-088
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 5/19/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk